IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

FILED ___ LODGED
___ RECEIVED ___ COPY

DEC 1 3 2004

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

PAUL H. BRISTOW AND NIKHIL SINHA,

Defendants.

CV 04 2601 PHX FJM

Docket Number:

**FINAL JUDGMENT AS TO DEFENDANT NIKHIL SINHA**

The Securities and Exchange Commission having filed a Complaint and Defendant Nikhil Sinha ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section

13(b)(5) of the Exchange Act [15 U.S.C. § 78m(b)(5)] and Rule 13b2-1 promulgated thereunder [17 C.F.R. § 240.13b2-1] by:

(a)     falsifying or causing to be falsified any book, record or account subject to Section 13(b)(2)(A) of the Exchange Act; or

(b)     knowingly circumventing or knowingly failing to implement a system of internal accounting controls.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violations of Sections 13(a) and 13(b)(2)(A) of the Exchange Act [15 U.S.C. §§ 78m(a), and 78m(b)(2)(A)] and Rules 12b-20 and 13a-13 thereunder [17 C.F.R. §§ 240.12b-20 and 240.13a-13], by knowingly providing substantial assistance to an issuer that:

(a)     fails to file with the Commission any report or statement required to be filed with the Commission pursuant to Section 13(a) of the Exchange Act and the rules and regulations promulgated thereunder, or information and documents required by the Commission to keep reasonably current the information and documents required to be included in or filed with an application or registration statement filed pursuant to Section 12 of the Exchange Act;

(b)     fails, in addition to the information expressly required to be included in a statement or report, to add such further material information as is necessary to

make the required statements, in the light of the circumstances under which they were made not misleading;

(c) fails to make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of assets of the issuer.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay a civil penalty in the amount of $25,000 pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Defendant shall make this payment within ten (10) business days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Nikhil Sinha as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment.

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $58,152, representing profits allegedly gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $6,717.56, for a total of $64,869.56. Defendant shall satisfy this obligation by paying $64,869.56 within ten business days to the Clerk of this Court, together with a cover letter identifying Nikhil Sinha as a defendant in this action; setting forth the title and civil action number of this action

1  and the name of this Court; and specifying that payment is made pursuant to this Final Judgment.
2  Defendant shall simultaneously transmit photocopies of such payment and letter to the
3  Commission's counsel in this action. By making this payment, Defendant relinquishes all legal
4  and equitable right, title, and interest in such funds, and no part of the funds shall be returned to
5  Defendant. The Clerk shall deposit the funds into an interest bearing account with the Court
6  Registry Investment System ("CRIS"). These funds, together with any interest and income
7  earned thereon (collectively, the "Fund"), shall be held by the CRIS until further order of the
8  Court. In accordance with the guidelines set by the Director of the Administrative Office of the
9  United States Courts, the Clerk is directed, without further order of this Court, to deduct from the
10 income earned on the money in the Fund a fee equal to ten percent of the income earned on the
11 Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States.
12 *Not later than 90 days after entry of this judgment,*
13 The Commission ~~may~~ *shall* propose a plan to distribute the Fund subject to the Court's approval.

V.

15 IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is
16 incorporated herein with the same force and effect as if fully set forth herein, and that Defendant
17 shall comply with all of the undertakings and agreements set forth therein.

VI.

20 IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain
21 jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment. *This*
22 *case is, nevertheless, terminated.*

## VII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: Dec. 9, 2004

_____
UNITED STATES DISTRICT JUDGE